**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

LAURA BUNCH AND BARRY BUNCH                                    PLAINTIFFS

VERSUS                         CIVIL ACTION NO: 5:10-cv-104-DCB-JMR

METROPOLITAN CASUALTY INSURANCE
COMPANY AND JOHN DOES 1-20                                      DEFENDANTS

<u>**OPINION AND ORDER**</u>

This cause comes before the Court on the defendant's Motion to
Bifurcate and Stay Discovery [docket entry no. 8] and Motion to
Stay Discovery [docket entry no. 10].[1] Having carefully considered
said Motions, Responses, applicable statutory and case law, and
being otherwise fully advised in the premises, the Court finds and
orders as follows:

This action was commenced by Laura Bunch and Barry Bunch
("plaintiffs") against Metropolitan Casualty Insurance Company and
John Does 1-20 ("defendants") on May 3, 2010, in the County Court
of Warren County, Mississippi.  On June 10, 2010, the defendants
removed this case to the Federal District Court for the Southern
District of Mississippi asserting diversity jurisdiction pursuant
to 28 U.S.C. § 1332.  Thereafter, the defendants filed a Motion to
Dismiss [docket entry no. 5] on June 29, 2010, and the instant
Motion to Bifurcate and Motion to Stay Discovery on July 2, 2010,
and July 6, 2010.[2]

---

[1] The defendant's Motions are identical.

[2] The Motion to Dismiss [docket entry no. 5] is pending.

This action arises from an automobile accident involving the plaintiffs and Timothy Hunt. At the time of the automobile accident, Hunt was insured under a liability policy with State Farm Fire and Casualty Insurance up to $50,000. The plaintiffs allege they collected payments from Hunt's insurer pursuant to Hunt's liability insurance policy and are now seeking recovery from the defendants under a policy issued to the plaintiffs for underinsured motorist benefits. After failing to collect those benefits from the defendants, the plaintiffs commenced this suit alleging claims for bad faith breach of contract, material breach of contract, breach of the covenant of good faith and fair dealing, among others. The plaintiffs seek compensatory damages and punitive damages.

In the instant Motions, the defendants seek to bifurcate the trial into two parts. Specifically, the defendants request to try the plaintiffs' claims for underinsured motorists coverage and material breach of contract "prior to and separately [sic] from the Plaintiffs' bad faith claims." Def. Memorandum, docket entry no. 9, at 1. They argue that Mississippi law requires the separation of actions for compensatory damages and punitive damages. Further, they also argue that the evidentiary needs in each trial are different and the evidence regarding a bad faith claim would prejudice the defendants in the trial for material breach of contract. Lastly, the defendants argue that proceeding on both

claims concurrently would create an evidentiary conflict for the court in that settlement offers or negotiations may be admissible in a trial for bad faith whereas that evidence would not be admissible in a trial for breach of contract. The defendants do not clearly indicate whether they are seeking a bifurcated trial with a compensatory damages phase and a punitive damages phase, or, rather, two separate trials with two different juries.

The defendants also seek to stay discovery regarding the bad faith refusal claim until after the material breach of contract and coverage issues are resolved. In support of this Motion, the defendants argue that by allowing the plaintiffs' claims to proceed concurrently, the defendants will be forced to produce discovery information regarding the bad faith claim which would not be discoverable if the plaintiffs were only proceeding on a breach of contract claim. The defendants claim that they will be prejudiced because the plaintiffs could be entitled to their internal files containing evaluations and work product regarding the valuations of the plaintiffs' insurance claims. Inasmuch as the defendants seek to stay discovery on the bad faith claim until after the breach of contract claim is resolved, the Court concludes that the defendants are seeking two separate trials regarding these claims.

The plaintiffs do not object to bifurcating the trial into two phases, but they do object to bifurcating the trial into two separate trials. Further, they also object to staying discovery.

Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite or economize, the court may order a separate trial of one or more separate issues, claims . . . ." Pursuant to Miss. Code Ann. § 11-1-65, "any action in which the claimant seeks an award of punitive damages, the trier of fact shall first determine whether compensatory damages are to be awarded and in what amount, before addressing any issues related to punitive damages."

Having considered the parties' positions and the facts of this case, the Court does not find that bifurcation of the two claims is appropriate or necessary or that discovery should be stayed. There is no evidence that staying discovery or having two separate trials will be conducive to an expeditious or more economic resolution. The Court is of the opinion that the trial should be phased in accordance with Miss. Code Ann. § 11-1-65 on the subject of punitive damages, but the Court will defer any ruling on specific evidentiary issues. Thus, to the extent that the defendants seek a phased trial, the Motion to Bifurcate will be granted. To the extent that the defendants seek two separate trials, the Motion will be denied. In addition, staying discovery as to the bad faith claim will not further the interests of judicial economy or fairness. In accordance with a two phase trial under § 11-1-65, the parties must be prepared at the close of the first phase of trial to proceed to the punitive damages phase, if necessary.

Therefore, the defendants' Motion to Stay Discovery will be denied.

Based on the foregoing,

**IT IS HEREBY ORDERED** that the defendants' Motion to Bifurcate [docket entry no. 8] is **GRANTED IN PART** to the extent that it seeks a phased trial pursuant to Mississippi law on punitive damages and **DENIED IN PART** to the extent that it seeks separate trials.

**IT IS FURTHER ORDERED** that the defendants' Motion to Stay Discovery [docket entry no. 10] is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 5th day of August 2010.

<u>      s/ David Bramlette      </u>

**UNITED STATES DISTRICT JUDGE**