```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

LAURA BUNCH AND BARRY BUNCH                              PLAINTIFFS

VERSUS                             CIVIL ACTION NO: 5:10-cv-104-DCB-JMR

METROPOLITAN CASUALTY INSURANCE
COMPANY AND JOHN DOES 1-20                               DEFENDANTS

## OPINION AND ORDER

This cause comes before the Court on Defendant Metropolitan Casualty Insurance Company's ("MetLife") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) [docket entry no. 5]. Having carefully considered said Motion, Responses, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

### I. Background

This action was originally filed by Plaintiffs Laura and Barry Bunch in the Circuit Court of Warren County, Mississippi and removed to this Court. It arises from an automobile accident that occurred in June 2008 involving Laura Bunch and another motorist, Timothy Hunt, in which Laura was injured. At the time of the automobile accident, Hunt was insured under a liability policy with a $50,000 limit and Plaintiffs had uninsured/underinsured motorist ("UM") coverage through MetLife. The Plaintiffs collected the maximum payments pursuant to Hunt's policy and then sought benefits from MetLife for their losses that exceeded $50,000. Because Plaintiffs allege that MetLife refused to pay benefits to them

under their UM policy, Plaintiffs now assert claims against MetLife for breach of contract and breach of the duty of good faith and fair dealing.

MetLife moves to dismiss the Complaint for failure to state a claim under Rule 12(b)(6), arguing the Complaint does not allege that it denied Plaintiffs' UM benefits and that it is still awaiting certain medical records that will determine the fate of Plaintiffs' claim.  MetLife further argues that Plaintiffs themselves have breached the duty of good faith and fair dealing by failing to cooperate, and failing to supply pertinent medical records that would allow MetLife to evaluate their claim for benefits.

## II.  Analysis

When considering a motion to dismiss under Rule 12(b)(6), the district court must accept all well-pleaded facts as true and view the facts in a light most favorable to the plaintiff.  Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996).  The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The Supreme Court has stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(citations omitted).  To have facial plausibility, the

2

plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- 'that the pleader is entitled to relief.'" Id. at 1950 (citing Fed. R. Civ. P. 8(a)(2)).

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  Twombly, 550 U.S. at 546. Furthermore, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1914)(overruled on other grounds)).

Plaintiffs undoubtedly state a valid claim here.  MetLife urges dismissal by arguing that it has not denied the Plaintiffs' claim for benefits, despite that the Complaint alleges that MetLife has done so:  "Defendants have willfully and wrongfully refused to pay the Plaintiffs the insurance benefits to which they are entitled under the uninsured/underinsured provisions of the Plaintiffs' MetLife Policy." Complaint [docket entry no. 3] at ¶ 12.  Because this Court must accept as true the well-pleaded allegations of Plaintiffs' Complaint at this Motion to Dismiss

stage, it cannot accept MetLife's contradictory position that the claim has not been denied.  Nor has MetLife submitted any material outside the pleadings (which the Court could consider if it converted the motion to one for summary judgment under Rule 56, see Kaufman v. Robinson Property Group, L.P., 661 F.Supp.2d 622, 624-25 (N.D. Miss. 2009)) to support the factual assertion that it has not denied UM benefits to Plaintiffs.

MetLife argues that Plaintiffs have not sufficiently alleged a breach of contract because "the Complaint does not even assert or allege that MetLife denied that Plaintiffs are entitled to uninsured/underinsured motorist benefits under the policy." Memorandum in Support of Motion to Dismiss [docket entry no. 6] at 2.  MetLife apparently believes there is some distinction between the Plaintiffs' allegation that MetLife "refused to pay" benefits and an allegation that it "denied" benefits.  MetLife has cited neither case law nor the insurance contract to support this position and the Court will not dismiss Plaintiffs' claims on the basis of a semantic distinction between a denial and a refusal to pay.  Accordingly, because this Court accepts as true the Plaintiffs' well-pleaded allegation that MetLife has refused to pay benefits due to them under the insurance contract, MetLife's Motion to Dismiss must be denied.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the MetLife's Motion to Dismiss [docket entry no. 5] is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 7th day of March, 2011.

                                                  s/ David Bramlette

                                            **UNITED STATES DISTRICT JUDGE**