```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     WESTERN DIVISION
```

LAURA BUNCH AND BARRY BUNCH                            PLAINTIFFS

VERSUS                         CIVIL ACTION NO: 5:10-cv-104-DCB-JMR

METROPOLITAN CASUALTY INSURANCE
COMPANY AND JOHN DOES 1-20                             DEFENDANTS

## ORDER

This cause comes before the Court on Plaintiffs' Laura Bunch and Barry Bunch Motion for Leave to Supplement Plaintiffs' Designation of Expert Witnesses [docket entry no. 29]and Defendant Metropolitan Casualty Insurance Company's ("MetLife") Motion to Strike Plaintiffs' Designation of Experts and Plaintiffs' Supplemental Designation of Experts [docket entry no. 35]. Having carefully considered said Motions, Responses, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

This action was originally filed by Plaintiffs Laura and Barry Bunch in the Circuit Court of Warren County, Mississippi and removed to this Court. It arises from an automobile accident that occurred in June 2008 involving Laura Bunch and another motorist, Timothy Hunt, in which Laura was injured. At the time of the automobile accident, Hunt was insured under a liability policy with a $50,000 limit and Plaintiffs had uninsured/underinsured motorist ("UM") coverage through MetLife. The Plaintiffs collected the maximum payments pursuant to Hunt's policy and then sought benefits

from MetLife for their losses that exceeded $50,000. Because Plaintiffs allege that MetLife refused to pay benefits to them under their UM policy, Plaintiffs now assert claims against MetLife for breach of contract and breach of the duty of good faith and fair dealing.

Pursuant to this Court's Case Management Order, Plaintiffs timely filed a Designation of Experts on October 29, 2010 [docket entry no. 28] which designated several of Plaintiff Laura Bunch's treating physicians. Four days after the November 1, 2010 deadline for designation of their experts, Plaintiffs filed a Motion for Leave to Supplement Designation of Expert Witnesses [docket entry no. 29] because they had become aware that an additional physician had treated Laura Bunch. MetLife now moves to strike both designations, arguing they do not comply with Federal Rule of Civil Procedure 26(a)(2)(B) because they are not accompanied by a written report signed by the witnesses and do not contain a complete statement of all opinions to be expressed by each witness. In the alternative, MetLife requests that the testimony of the designated experts be limited to that which is contained in Laura Bunch's medical records.[1] Plaintiffs respond that because the experts

---

[1] Though not mentioned in the Motion to Strike itself, MetLife's Memorandum in Support also argues that Plaintiffs' Supplemental Designation should be stricken because it did not comply with this Court's deadlines for designation of Plaintiffs' experts. Because the Supplemental Designation was filed only four days after the deadline and nearly one month before MetLife's expert designations were due, MetLife can hardly argue prejudice as

designated are treating physicians, their designation is governed by Local Rule 26(a)(2)(D) rather than by Fed. R. Civ. P. 26(a)(2)(B) as argued by MetLife.

Local Rule 26(a)(2)(D) provides that:

> A party must designate physicians and other witnesses who are not retained or specially employed to provide expert testimony but are expected to be called to offer expert opinions at trial. No written report is required from such witnesses, but the party must disclose the subject matter on which the witness is expected to present evidence under Fed. R. Evid. 702, 703 or 705, and a summary of the facts and opinions to which the witness is expected to testify. The party must also supplement initial disclosures.

This Court agrees with Plaintiffs that because the experts they designated are Laura Bunch's treating physicians as opposed to retained experts, Plaintiffs were not required to submit a report as required by Fed. R. Civ. P. 26(a)(2)(B) and instead could rely on the relaxed standard outlined in Local Rule 26(a)(2)(D). As discussed in <u>Robbins v. Ryan's Family Steak Houses East, Inc.</u>, the "best practice regarding the designation of any expert is for the attorney to comply with [Federal Rule 26(a)(2)(B)] explicitly and submit to the other party a 'written report prepared and signed by the witness.'" 223 F.R.D. 448, 453 (S.D. Miss. 2004)(quoting the Rule). However, Local Rule 26(a)(2)(D) recognizes the "difficulty of obtaining such report[s] from some physicians" and thus allows

---

a result of the late designation. Accordingly, this Court declines to strike Plaintiffs' Supplemental Designation on that basis.

for office records of the treating physician in lieu of a written report.  Id.  "In such instances, the treating physician will be limited at trial to testifying only to those opinions expressed in the office records."  Id.

Accordingly, though the best practice may have been for Plaintiffs to submit expert reports from each of their designated experts, they were not required to do so.  Instead, they are permitted to rely on the treating medical records as descriptions of the opinions about which these designated experts will testify.  Plaintiffs aver that they already have produced Laura Bunch's medical records to MetLife and MetLife does not dispute that.  Relying on Local Rule 26(a)(2)(D), this Court denies MetLife's Motion to Strike Plaintiffs' Designation of Experts but agrees to MetLife's alternative request to limit the designations to that which is contained in each witness's medical records of Plaintiff Laura Bunch.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to Supplement Plaintiffs' Designation of Expert Witnesses [docket entry no. 29] is **GRANTED.**

**IT IS FURTHER ORDERED** that MetLife's Motion to Strike Plaintiffs' Designation of Experts and Supplemental Designation of Expert Witnesses and/or Limit Testimony [docket entry no. 35] **GRANTED IN PART and DENIED IN PART.**  The treating physician expert

witnesses designated by Plaintiffs may only testify at trial as to those opinions expressed in the medical records of Laura Bunch that have already been produced to MetLife.

**SO ORDERED AND ADJUDGED** this the 5th day of April, 2011.

s/ David Bramlette<br>**UNITED STATES DISTRICT JUDGE**